IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TERRY CYRUS and GINGER ROSE JONES,

   Plaintiffs,

v.

WELLS FARGO BANK, N.A. and JOHNSON & FREEDMAN, LLC,

   Defendants.

CIVIL ACTION NO.
1:12-CV-01156-TWT-LTW

## MAGISTRATE JUDGE'S ORDER AND NON-FINAL REPORT AND RECOMMENDATION

Pending before this Court are Defendants Wells Fargo Bank, N.A. and Johnson & Freedman, LLC's (collectively "Defendants") Motion to Dismiss, (Docket Entry [4]), and Plaintiffs Terry Cyrus & Ginger Rose Jones's (collectively "Plaintiffs") Motion to Strike Attachment to Defendants' Reply Brief, (Docket Entry [8]). For the reasons set forth below, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [4]. Specifically, the undersigned **RECOMMENDS** that Defendants' request to dismiss Plaintiffs' automatic stay violation claim be **DENIED** with respect to Plaintiff Ginger Rose Jones, but **GRANTED** with respect to Plaintiff Terry Cyrus, and Defendants' request to dismiss Plaintiffs' Fair Debt Collection Practices Act claim be **GRANTED**. Also, the undersigned **ORDERS** that Plaintiffs' Motion to Strike Attachment to Defendants' Reply Brief be **DENIED AS MOOT**. Docket Entry [8].

# DEFENDANTS' MOTION TO DISMISS

## I. FACTUAL BACKGROUND[1]

On April 20, 2010, Plaintiff Terry Cyrus ("Cyrus") deeded part of her interest in the property located at 4100 Maple Crest Court in Winston, Georgia to Plaintiff Ginger Rose Jones ("Jones"). (Compl. ¶ 6, Docket Entry [1]). On May 3, 2010, Jones filed a Chapter 13 bankruptcy petition. (Id. ¶ 7). That same morning (on May 3, 2010), Cyrus notified Defendants of Jones's filing of the bankruptcy petition. (Id. ¶ 8). The next day, on May 4, 2010, Defendants foreclosed on Plaintiffs' home. (Id. ¶ 9). As of the date of Complaint, Defendants had not set aside the foreclosure sale, and Defendants brought a dispossessory action against Plaintiffs. (Id. ¶ 9). On July 25, 2011, Defendants filed a motion to annul the automatic stay and validate the foreclosure sale. (Id. ¶ 11). Defendants' motion was denied on September 9, 2011. (Id. ¶ 12). Defendants did not appeal the Bankruptcy Court's Order. (Id. ¶ 13). A hearing was set in the dispossessory action Defendants filed for June 27, 2011, to evict Plaintiffs. (Id. ¶ 20).

## II. LEGAL ANALYSIS

Plaintiffs, who are represented by counsel, assert two claims. First, Plaintiffs allege that Defendants' foreclosure sale of their property and Defendants' subsequent eviction proceedings violated the automatic stay provisions of the Bankruptcy Code.

---

[1] On a Rule 12(b)(6) motion to dismiss, this Court must consider the allegations in a plaintiff's complaint as true and view the allegations in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Therefore, this Court has set forth the relevant factual background here as recounted in Plaintiffs' Complaint.

Second, Plaintiffs claim that the dispossessory action Defendants brought against them violates the Fair Debt Collection Practices Act. Defendants move to dismiss Plaintiffs' Complaint in its entirety.

### A. Rule 12(b)(6) Motion to Dismiss Standard

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Brown v. Crawford Cnty., Ga., 960 F.2d 1002, 1010 (11th Cir. 1992). In ruling on a 12(b)(6) motion, the court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiff's allegations. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005); see also Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint must be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to

relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).

### B. Plaintiffs' Automatic Stay Violation Claim

Plaintiff Jones's automatic stay violation claim should survive dismissal.[2] Defendants assert that Jones's automatic stay violation claim should be dismissed for two reasons. First, Defendants argue there was no automatic stay in effect because Jones was ineligible to be a debtor when she filed for bankruptcy, and thus the protections attendant to filing a bankruptcy petition did not attach. Second, Defendants argue that the doctrine of res judicata bars Jones from asserting the automatic stay violation claim in this action, because Jones failed to raise this claim in her two bankruptcy actions.

#### 1. The Automatic Stay for Jones was In Effect at the Time of Defendants' Foreclosure Sale

As Defendants acknowledge, upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a) imposes an automatic stay that bars actions to obtain possession or control over property of the estate. Jacks v. Wells Fargo Bank, N.A. (In re Jacks), 642 F.3d 1323, 1328 (11th Cir. 2011); In re Robinson, No. 02-17467-WHD, 2006 WL 6593115, at *2 (Bankr. N.D. Ga. Oct. 12, 2006) ("The Debtor correctly asserts that, pursuant to section 362, the automatic stay arose upon the filing of the Debtor's Chapter 13 petition . . . .").

---

[2] Only Plaintiff Jones filed for Chapter 13 bankruptcy protection. Thus, the automatic stay that Plaintiffs contend Defendants violated only pertains to Jones.

4

Section 362 protects the debtor by giving the debtor reprieve from creditors; stopping collection efforts, harassment, and foreclosure actions; and allowing the debtor to attempt a repayment or reorganization plan. In re Jacks, 642 F.3d at 1328. Section 362 also protects creditors by preventing a race for the debtor's assets and facilitating an orderly liquidation process. Id.

Based on the allegations in Plaintiffs' Complaint, Jones received an interest in the subject property on April 20, 2010. (Compl. ¶ 6). Jones filed a Chapter 13 bankruptcy petition on May 3, 2010. (Id. ¶ 7). When Jones filed her bankruptcy petition on May 3, 2010, the automatic stay went into effect. See In re Robinson, 2006 WL 6593115, at *2. The next day, on May 4, 2010, Defendants foreclosed on the subject property. (Id. ¶ 9). These facts are sufficient for a plausible automatic stay violation claim. See In re Dye, No. 06-71024-MHM, 2011 WL 4790778, at *1 n.3 (Bankr. N.D. Ga. Sept. 28, 2011) ("A foreclosure sale was conducted on the day that Debtor filed his bankruptcy petition in this case, but that sale was void as a violation of the automatic stay."); Ford v. A.C. Loftin (In re Ford), 296 B.R. 537, 543 (Bankr. N.D. Ga. 2003) ("The postpetition foreclosure sale that [was] conducted violated the automatic stay of § 362(a).").

Plaintiffs allege that prior to the foreclosure sale, Cyrus gave Defendants notice of Jones's bankruptcy petition. (Id. ¶ 8). Regardless of whether Defendants received notice of Jones's pending bankruptcy petition, the automatic stay was in effect. Mitchell Constr. Co., Inc. v. Smith (In re Smith),180 B.R. 311, 319 n.17 (Bankr. N.D. Ga. 1995)

5

("The automatic stay is effective whether or not the creditor has actual notice of the bankruptcy case."); see also In re Robinson, 2006 WL 6593115 at *2 (noting that the automatic stay operates to stay the creditor's actions "even if the creditor acted without knowledge of the bankruptcy filing").

Defendants' arguments about whether Jones was actually eligible to file a Chapter 13 bankruptcy petition are better suited for summary judgment resolution. Indeed, Defendants do not point this Court to any legal authority that requires Jones to allege or demonstrate her eligibility to file a bankruptcy petition in order for her automatic stay claim to survive a challenge on a motion to dismiss.

### 2. Res Judicata Does Not Bar Jones's Automatic Stay Violation Claim

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." Kaiser Aerospace and Elecs. Corp. and PAQ, Inc., f.k.a. PIC, Inc. v. Teledyne Indus., Inc., (In re Piper Air Craft Corp.), 244 F.3d 1289, 1296 (11th Cir. 2001). The party seeking to invoke the doctrine bears the burden of showing that: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action." Dormescar v. U.S. Atty. Gen., 690 F.3d 1258, 1268 (11th Cir. 2012). All four elements must be satisfied for the doctrine of res judicata to apply. In re Piper Aircraft Corp., 244 F.3d at 1296. "Only if all four of those requirements are met do[es the court] consider whether the

claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies." Dormescar, 690 F.3d at 1268 (internal quotation marks and citation omitted).

In this case, Jones filed a bankruptcy petition on May 3, 2010,[3] the day before the foreclosure sale, and a second bankruptcy petition on November 8, 2010.[4] Plaintiffs initiated this action on April 4, 2012. Docket Entry [1]. Defendants contend that Jones did not raise Defendants' alleged violation of the automatic stay and/or alleged wrongful foreclosure in either of her bankruptcy cases, which she could have done, and as a result, she is barred by res judicata from raising such a claim now. However, neither of Jones's bankruptcy cases reached a final judgment on the merits. In fact, no substantive issues appear to have been addressed in either of Jones's bankruptcy cases because each was dismissed due to Jones's failure to pay the initial filing fees.[5] See Watkins v. Hinze (In re Hinze), No. 10-80637-G3-7, 2012 WL 2917352, at *2 (Bankr. S.D. Tex. July 17, 2012) ("A dismissal for failing to pay the filing fee [in Chapter 7 bankruptcy case] is not a final judgment on the merits, and thus dismissal does not result in a res judicata effect."). Because there was no final judgment on the merits, res judicata does not apply. See Abram v. Fulton Cnty. Gov't, 482 F. App'x 421, 425 (11th

---

[3] Bankruptcy Action No. 10-73110-jb (Bankr. N.D. Ga. May 3, 2010).

[4] Bankruptcy Action No. 10-93716-jb (Bankr. N.D. Ga. Nov. 8, 2010).

[5] Docket Entry [17], Bankruptcy Action No. 10-73110-jb (Bankr. N.D. Ga. June 24, 2010); Docket Entry [15], Bankruptcy Action No. 10-93716-jb (Bankr. N.D. Ga. Feb. 11, 2011).

7

Cir. 2012) (concluding that res judicata did not apply where the district court did not make a final judgment on the merits). Accordingly, the undersigned **RECOMMENDS** that Defendants' request to dismiss Jones's automatic stay violation claim be **DENIED**. To the extent Plaintiffs intended for their Complaint to assert an automatic stay violation claim on Cyrus's behalf, the undersigned **RECOMMENDS** that Cyrus's automatic stay violation claim be **DISMISSED** because Plaintiffs do not allege that she filed for bankruptcy protection.

### C. Plaintiffs' Fair Debt Collection Practices Act Claim

Plaintiffs' FDCPA claim should be dismissed. "The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers." Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (citing 15 U.S.C. § 1692(e)); see also LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). "To prevail on a FDCPA claim, a plaintiff must establish that: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Frazier, 767 F. Supp. 2d at 1363 (internal quotation marks and citations omitted). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

8

or due another." 15 U.S.C. § 1692a(6). For purposes of 15 U.S.C. § 1692f(6), the term "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the enforcement of security interests." 15 U.S.C. § 1692f(6).

Defendants argue Plaintiffs' FDCPA claim fails because Plaintiffs failed to adequately plead that either Defendant is a debt collector under the statute. This Court agrees. Plaintiffs allege that "Defendants are legal entities engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due to another." (Compl. ¶ 18). Plaintiffs simply recite portions of the definition of "debt collector" under the FDCPA. Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants meet the definition of debt collectors, such that the FDCPA applies to them. On this basis alone, Plaintiffs' FDCPA claim should be dismissed. See Mills v. JP Morgan Chase Bank, No. 1:11-CV-3709-JEC-LTW, 2012 WL 4086508, at *9 (N.D. Ga. July 23, 2012) (concluding that plaintiffs' complaint was subject to dismissal because, among other things, "[p]laintiffs fail to allege any specific facts indicating that [the defendant] regularly attempts to collect debts, that the principal purpose of its business is the collection of debts, or that the principal purpose of its business is the enforcement of security interests"); Correa v. BAC Home Loans Servicing LP, No. 6-11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *12 (M.D. Fla. Apr. 9, 2012) (finding that plaintiff, who cited the general definition for "debt collector" and in a conclusory manner stated that defendants are debt

9

collectors, failed to allege facts sufficient to state a claim for relief under the FDCPA); see also Iqbal, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice").

Second, Defendants argue that Plaintiffs' FDCPA claim is barred as a matter of law by the statute of limitations. Again, this Court agrees. Pursuant to 15 U.S.C. § 1692k(d), an action to enforce any liability under the FDCPA must be brought within one (1) year from the date on which the violation occurs, or the action will be barred. Kuria v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1303 (N.D. Ga. 2010); see also Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995). Plaintiffs allege that Defendants violated the FDCPA, 15 U.S.C. § 1692a(6)(F), by bringing a dispossessory proceeding against them, which resulted in a hearing set for June 27, 2011, to evict them. (Compl. ¶ 20). Given the facts in the Complaint, this Court presumes Plaintiffs intended to allege that Defendants violated 15 U.S.C. § 1692f(6)(A) and (C).[6] Section 1692f(6) prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt" including "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–(A) there is no

---

[6] 15 U.S.C. § 1692a(6)(F), the statutory provision to which Plaintiffs cite, states that the term "debt collector" "does not include– . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor."

present right to possession of the property claimed as collateral through an enforceable security interest; . . . or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6)(A), (C). To plausibly allege a violation of 15 U.S.C. § 1692f(6), Plaintiffs were required to allege that Defendants took or threatened to take some *nonjudicial* action to effect dispossession or disablement of their property when there was no present right to the property through an enforceable interest or took or threatened to take some *nonjudicial* action to effect dispossession or disablement of their property while the property was exempt by law from such dispossession or disablement. See 15 U.S.C. § 1692f(6)(A), (C). The dispossessory action, of which Plaintiffs complain, is a judicial action. Taking or threatening to take judicial action does not violate the plain language of 15 U.S.C. § 1692f(6). The only *nonjudicial* action Defendants took or threatened to take was the foreclosure sale of Plaintiffs' property on May 4, 2010. The foreclosure sale occurred almost two years before Plaintiffs filed their Complaint on April 4, 2012. Consequently, the foreclosure sale could not serve as a basis for a FDCPA claim, as such claim would be barred by the statute of limitations. See Leblanc v. Advance Credit Corp., No. 8:06CV747 T27EAJ, 2007 WL 141173, at *3 (M.D. Fla. Jan. 16, 2007) (recommending defendants' motion to dismiss plaintiff's FDCPA claim be granted because, according to the complaint, the alleged violations of the FDCPA occurred between June 10, 2004 and September 20, 2004, and the plaintiff filed his complaint on April 24, 2006). Because Plaintiffs failed to adequately plead that Defendants are debt collectors, the dispossessory action does

not violate the FDCPA, and a FDCPA claim based on the foreclosure sale is time-barred, this Court need not address Defendants' remaining arguments about why Plaintiffs' FDCPA claim fails. Accordingly, the undersigned **RECOMMENDS** that Defendants' request to dismiss Plaintiffs' FDCPA claim be **GRANTED**.

## PLAINTIFFS' MOTION TO STRIKE

Plaintiffs ask this Court to strike the dispossessory warrant that Defendants attach to their reply. Plaintiffs contend that this Court may not consider documents outside of the four corners of the Complaint when ruling on a motion to dismiss. Although Plaintiffs are incorrect in their assertion, this Court need not address the merits of Plaintiffs' motion because this Court did not consider the dispossessory warrant in ruling on Defendants' Motion to Dismiss. Accordingly, the undersigned **DENIES AS MOOT** Plaintiffs' Motion to Strike Attachment to Defendants' Reply Brief.

## CONCLUSION

For the reasons outlined above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**. Docket Entry [4]. Specifically, the undersigned **RECOMMENDS** that Defendants' request to dismiss Plaintiffs' automatic stay violation claim be **DENIED** with respect to Plaintiff Ginger Rose Jones, but **GRANTED** with respect to Plaintiff Terry Cyrus, and Defendants' request to dismiss Plaintiffs' Fair Debt Collection Practices Act claim be **GRANTED**. Also, the undersigned **ORDERS** that Plaintiffs' Motion to Strike Attachment to Defendants' Reply Brief be **DENIED AS MOOT**. Docket Entry [8].

AO 72A
(Rev.8/82)

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED,** this 6th day of February, 2013.

                                       s/Linda T. Walker
                                       LINDA T. WALKER
                                       UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)