IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GINGER ROSE JONES,

   Plaintiff,

     v.

WELLS FARGO BANK, N.A., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-1156-TWT

**OPINION AND ORDER**

This is a foreclosure action. It is before the Court on the Magistrate Judge's Report and Recommendation. The Defendants object to the Magistrate Judge's conclusion that collateral estoppel attached to the bankruptcy court's decision not to annul the automatic stay that the Plaintiff obtained shortly before the Defendants foreclosed on the Plaintiff's home. I agree that the bankruptcy court did not make a firm decision on the merits sufficient to warrant the application of collateral estoppel.

**I. Background**

The Court will briefly summarize the facts that were laid out thoroughly in the report and recommendation. Former plaintiff Terry Cyrus transferred one-half of her interest in the property at issue (the "Property") to Plaintiff Ginger Rose Jones, who was living at the Property with Cyrus. Cyrus has been living at the Property since

T:\ORDERS\12\Cyrus\r&r2twt.wpd

2007 without making payments. Cyrus did not receive any money from Jones for the transfer, and Jones owed no money in connection with the Property.

On May 3, 2010, Jones filed for Chapter 13 bankruptcy. Although Jones stated in her petition that she received $2,000 a month in income, she has since admitted that she was unemployed with no income at the time of her filing. Her petition was dismissed on June 24 for her failure to pay the filing fees, and a subsequent petition was dismissed for the same reason on February 11, 2011. On May 4, 2010, one day after Jones filed for bankruptcy but before there was any recording of the transfer of an interest in the Property from Cyrus to Jones, Wells Fargo bought the Property at a foreclosure auction. Wells Fargo obtained a dispossessory judgement from Dublin County Magistrate Court on June 28, 2010.

In February 2011, Jones and Cyrus filed a complaint in the Superior Court of Gwinnett County against Wells Fargo, Mortgage Electronic Registration Systems, Inc., and Aegis Funding Corporation challenging the foreclosure and asserting that the foreclosure was a violation of the bankruptcy stay. The court there granted summary judgment in favor of the Defendants in 2012.

On July 21, 2011, before the resolution of the state court proceedings, the Defendants filed a motion in the bankruptcy court to reopen the case, annul the stay,

and declare the foreclosure valid. The bankruptcy judge criticized the Plaintiff for filing for Chapter 13 protection when she did not have any income, but also criticized the Defendants for waiting over a year to seek the annulment and for failing to mention the state court proceedings in their petition. The judge ultimately denied the Defendants' motion stating that "I'm going to leave you where I find you" and that should the parties still need to resolve the issue of the stay after the conclusion of the state proceedings, "then come back [to the bankruptcy court] and see if that makes sense." ([Doc. 4-2] at 41-46).

The Magistrate Judge recommends granting the Plaintiff's motion for partial summary judgment which contends that the Defendants violated the automatic stay by initiating the foreclosure after Jones filed her Chapter 13 petition. The Magistrate Judge further recommends denying the Defendants' motion for summary judgment, which seeks to annul the automatic stay and declare the foreclosure valid, on the grounds that the bankruptcy judge's decision collaterally estopped the Defendants from re-litigating the issue. The judge also denied the Defendants' motion to amend its answer to add an affirmative defense and counterclaim seeking to annul the automatic stay. (See [Doc. 41]).

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

### A.   The Defendants' Motion for Summary Judgment

The Defendants, Wells Fargo, N.A. and Johnson & Freedman, LLC, seek summary judgment on their claim that the stay should be annulled. The magistrate judge ruled that their claim was precluded by collateral estoppel based on the bankruptcy court's ruling on that issue. However, the bankruptcy court did not sufficiently explore the merits of the claim.

To establish collateral estoppel, the party claiming the benefit of the doctrine must show that:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998) (citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). "The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect." Miller Brewing Co. v. Joseph Schlitz Brewing Co., 605 F.2d 990, 996 (7th Cir. 1979). Here, the decision by the Bankruptcy Judge was not sufficiently firm to be accorded conclusive effect. The bankruptcy judge's statements at the hearing on the motion to annul the stay specifically state that the judge is "leaving the parties" in their current situation - where the stay has not been ruled upon - and invited them to return to the court to challenge the stay after the conclusion of the state court litigation. ([Doc. 4-2] at 41-46). Although her written order denies the motion to annul the stay, that order specifically incorporates the statements she made at the hearing. (See Pl.'s Mot. for

Partial Summ. J. Ex. A, at 3). Notably, at the hearing, the judge stated that she would not grant the motion because the Defendants did not seek to annul the stay within one year and did not inform the court of the state court litigation in its petition. "This is not a case in which the plaintiff squarely presented an issue for decision in the first litigation and failed to carry the burden of proof." Id.

In Ten Mile Indus. Park v. Western Plains Service Corp., 810 F.2d 1518 (10th Cir. 1987), the appellants sought to invoke collateral estoppel on the issue of personal jurisdiction over the appellees. The district court had asserted in a pretrial order that it had personal jurisdiction over all parties, but noted that the appellees still contested jurisdiction. Although the trial court denied the appellees' motions to dismiss for lack of personal jurisdiction, the judge specifically gave the appellees the right to renew the motion later in the proceedings, which the appellees never did. The court of appeals concluded that, despite the motions to dismiss being technically denied, "the issue of personal jurisdiction was never the subject of a final determination by the district court," and declined to extend collateral estoppel to the issue of personal jurisdiction. Id. at 1523-24.

Here, the bankruptcy judge technically denied the Defendants' motion to annul the bankruptcy stay, but specifically invited the Defendants to renew the motion following the conclusion of the state court proceedings. Further, the bankruptcy judge

denied the motion because the Defendants had waited over a year to seek to annul the stay and because the Defendants did not disclose the state court proceedings in its petition, not because the merits of the case did not warrant annulling the stay. As in Ten Mile, the Court concludes that the motion to annul the stay was not subject to a final determination in the bankruptcy court, and therefore not subject to collateral estoppel.

Because collateral estoppel does not apply, I will consider the merits of the request to annul the automatic stay. Section "362(d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely terminating it." In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984). There are two tests for determining whether an annulment is warranted, but both tests ultimately require the Court to consider "whether the violating party had notice of the pending bankruptcy case and whether the debtor engaged in inequitable conduct." In re Moore, 448 B.R. 93, 104 (Bankr. N.D. Ga. 2011) (citing Litton Loan Servicing, LP v. Rockdale County, Georgia (In re Howard), 391 B.R. 511, 517-18 (Bankr. N.D. Ga. 2008)). Here, it is undisputed that Jones fraudulently reported $2,000 in monthly income on her Chapter 13 petition. Jones also filed for bankruptcy multiple times only to have her petitions dismissed for her failure to pay the fees. Additionally, Defendant Johnson & Freedman's records indicate that

it was not notified of the bankruptcy or of Cyrus' transfer of an interest in the Property to Jones before the foreclosure. Johnson & Freedman performed two title searches on the Property. Neither search revealed the quitclaim deed conveying an interest to Jones because the deed was not recorded until May 7, 2010, three days after the foreclosure. (See Berasi Aff. ¶¶ 7-8; 11, 12; Def.'s Mot. for Summ. J. Ex. B). This evidence is sufficient to show that the automatic bankruptcy stay that Jones obtained before the Defendants foreclosed on the Property should be annulled. Accordingly, the Defendants' motion for summary judgment should be granted.

**B.    The Defendants' Motion for Leave to Amend Their Answer**

The Defendant's motion for leave to amend their answer to add a counterclaim should be granted. Under Rule 15, such motions should be freely granted, and there is no indication that the amendment will cause any party undue prejudice. See Fed. R. Civ. P. 15(a)(2). The Magistrate Judge denied the motion because it concluded that collateral estoppel rendered the Defendants' amendment futile. (See [Doc. 41]). Because this Court concludes that the claim to annul the stay is not barred by collateral estoppel, the motion to amend should be granted.[1]

**C.    The Plaintiff's Motion for Partial Summary Judgment**

---

[1] The Magistrate Judge's Order and Report and Recommendation denied this motion. [Doc. 41]. However, based on the Court's decision that collateral estoppel does not apply, that Order is set aside. See Fed. R. Civ. P. 72(a).

Because the Court concludes that the automatic stay should be annulled, the Plaintiff's motion for partial summary judgment alleging that the Defendants violated the automatic stay and that former plaintiff Cyrus should be protected by the stay should be denied.

## IV. Conclusion

For the reasons set forth above, I decline to adopt the Magistrate Judge's Report and Recommendation [Doc. 41]. The Plaintiff's Motion for Partial Summary Judgment [Doc. 25] is DENIED. The Defendants' Motion for Summary Judgment [Doc. 37] and the Defendants' Motion for Leave to Amend their Answer [Doc. 34] are GRANTED.

SO ORDERED, this   25   day of March, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge